IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEMITRIA BUTLER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:09-CV-838-WKW [WO] |
| ALLSTATE INDEMNITY COMPANY, INC., *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Plaintiff Demitria Butler's ("Butler") Motion to Remand and accompanying brief. (Docs. # 8, 9.) Butler seeks remand to the Circuit Court of Macon County, Alabama for lack of diversity jurisdiction under 28 U.S.C. § 1332(a). She asserts that complete diversity of citizenship does not exist because Defendant Jerry Hamilton ("Hamilton") is a non-diverse Defendant. Defendant Allstate Indemnity Company, Inc. ("Allstate"), as the removing defendant, opposes the motion (Doc. # 11), arguing that absent the fraudulent joinder of Hamilton, complete diversity exists.

After careful consideration of counsels' arguments, the relevant law, and the record as a whole, the court finds that Butler's motion to remand is due to be denied.

**I. BACKGROUND**

On August 12, 2009, Butler filed suit against Allstate, Hamilton, and various unnamed defendants in the Circuit Court of Macon County, Alabama, alleging six state law violations. (Compl. (Doc. # 1, Attach. 3).) Butler and Hamilton are Alabama citizens. (Compl. ¶¶ 1,

3.) Allstate is incorporated in Illinois and has its principal place of business in Illinois. (Notice of Removal ¶ 4 (Doc. # 1).)

The complaint alleges the following facts. Butler purchased a homeowner's insurance policy from Allstate in 1998 for her residence in Macon County, Alabama, and renewed the policy on or about May 3, 2008. (Compl. ¶ 10.) On August 27, 2008, while the policy was in effect, Butler's home was destroyed by a fire. (Compl. ¶¶ 10-11.) To date, Allstate, through its agents, including Hamilton, has failed to compensate Butler as set out in the insurance agreement. (Compl. ¶ 13.) Allstate sent Butler a check for $79,436.43 on January 26, 2009, but Butler rejected the check, contending that Allstate failed to determine the structural unsoundness of the home before sending payment to repair the home. (Compl. ¶ 14.) Specifically, Butler contends that Allstate was obligated, but failed, to pay the loss of the subject structure and belongings, the debris removal, the additional living expenses incurred by Butler and her family, the contents of the home, and the personal property therein. (Compl. ¶¶ 13-14.) On February 18, 2009, Allstate refused to renew Butler's insurance coverage. (Compl. ¶ 15.)

On August 12, 2009, Butler filed the instant suit, alleging the following state law claims against Hamilton: breach of contract, bad faith, and negligence and/or wantonness. On September 2, 2009, Allstate filed a notice of removal in the United States District Court for the Middle District of Alabama predicated on diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441. Although complete diversity does not exist on the face of the complaint

because Butler and Hamilton are both citizens of Alabama, the removal petition alleges that there is no possibility that Butler can establish a cause of action against Hamilton, and, thus, that Hamilton was fraudulently joined.

On October 2, 2009, Butler filed a motion to remand and an accompanying brief, asserting that Hamilton is a non-diverse defendant who has not been fraudulently joined and that diversity of citizenship does not exist in this case. In support of her motion, Butler submitted an affidavit and a letter from Allstate denying her request to renew the policy. (Doc. # 9, Attachs. 1-2.)

## II. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

"Diversity jurisdiction, as a general rule, requires complete diversity – every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994); *see also* 28 U.S.C. § 1332. If, however, non-diverse parties are

fraudulently joined to an action, their citizenship will not be considered for purposes of determining diversity jurisdiction. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (per curiam).[1] The Eleventh Circuit recognizes three forms of fraudulent joinder. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1540 (11th Cir. 1993)). The one relevant to this case is fraudulent joinder "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

The removing party bears the burden of proving fraudulent joinder, and the burden is "heavy." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted). "[A]ll factual issues and questions of controlling substantive law" must be viewed in the light most favorable to the plaintiff. *Coker*, 709 F.2d at 1440. "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007). Although for purposes of determining fraudulent joinder, courts may consider affidavits and deposition transcripts submitted by

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

4

either party, in addition to the plaintiff's pleadings at the time of removal, *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe*, 113 F.3d at 1538 (internal quotation marks and citation omitted). Courts must be "certain" of their jurisdiction and "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotation marks and citation omitted).

### III. DISCUSSION

As the bases for its fraudulent joinder argument, Allstate contends that (1) under Alabama law, a party to an insurance contract may not sue a nonparty for breach of that contract; (2) Alabama does not recognize a claim for bad faith against individual employees of the insurer; and (3) Alabama does not recognize a claim for negligent and/or wanton handling of an insurance claim. (Def.'s Resp. Br. 2-5 (Doc. # 11).) If, as Allstate contends, Butler cannot establish a cause of action for his breach of contract, bad faith, and negligence and/or wantonness claims against Hamilton, Hamilton has been fraudulently joined, complete diversity exists, and the motion to remand must be denied. If, on the other hand, Butler can assert an "arguable" claim under state law against Hamilton, Hamilton has not been fraudulently joined, his presence destroys complete diversity, and the motion to remand must be granted.

A.  **Breach of Contract and Bad Faith**

According to Alabama law, claims for breach of contract and bad faith based on an insurance contract may only be brought against a party to that contract. *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343 (Ala. 1993); *Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989); *see also Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1324 (M.D. Ala. 2003). Here, the complaint does not allege that Mr. Hamilton was a party to the insurance contract. Instead, the complaint alleges that Mr. Hamilton, as an insurance agent acting on behalf of Allstate, "made the decision, recommendation and/or took other action and . . . refused to provide the protection afforded under the policy," and that Allstate "[t]hrough the actions of defendant Hamilton[,] . . . denied plaintiff's claim and refused to provide protection to its insured, Ms. Butler, without thoroughly examining and testing to determine the structural soundness of the home . . . ." (Compl. ¶¶ 19, 23.) Thus, Hamilton is not a proper defendant for Butler's breach of contract and bad faith claims, *see Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001), and there is no possibility that Butler can prove these claims against Hamilton.

B.  **Negligence and/or Wantonness**

Butler alleges in her complaint that Hamilton "had a duty to properly handle, investigate[,] and pay Ms. Butler's claims." (Compl. ¶ 34.) However, Alabama courts have "consistently refused to recognize a cause of action for the negligent handling of insurance

claims, and . . . [do] not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995). Butler argues in her motion to remand that Hamilton's failure "to properly and in good faith investigate, adjust[,] and pay" Butler's claim presents a "colorable claim sufficient under the law to negate the fraudulent joinder argument." (Pl.'s Br. 8-9 (Doc. # 9).) This contention, made without citation to any authority, runs contrary to Alabama law – Butler cannot state a cause of action against Hamilton for negligence and/or wantonness because of how he handled her insurance claim. *Kervin*, 667 So. 2d at 706.

## IV. CONCLUSION

Because Butler has failed to demonstrate any arguable claim against Hamilton, he was fraudulently joined and complete diversity exists. Accordingly, it is ORDERED that Butler's motion to remand is DENIED, and that Hamilton is DISMISSED as a party defendant.

DONE this 25th day of January, 2010.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE